GREGORY T. GRANADO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Granado v. Commissioner
Docket No. 26614-83.
United States Tax Court
T.C. Memo 1985-237; 1985 Tax Ct. Memo LEXIS 395; 49 T.C.M. (CCH) 1509; T.C.M. (RIA) 85237; May 16, 1985. Gregory T. Granado, pro se. Lawrence Letkewicz, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7456(d) [1] and Rule 180, et seq. [2] After review of the record, we agree with and adopt his opinion which is set forth below. *396 OPINION OF THE SPECIAL TRIAL JUDGE PANUTHOS, Special Trial Judge: Respondent determined deficiencies and additions to tax against petitioner as follows: Addition to Tax
Year
Deficiency
Section 6653(b)
1980
$ 9,087.00
$4,544.00
1981
$11,676.00
$5,838.00
The issues for decision are as follows: (1) Whether wages, supplemental pay, and unemployment compensation received by petitioner for the years in issue constitute taxable income; (2) whether petitioner is liable for the addition to tax for fraud under section 6653(b) [3]; and (3) whether damages should be awarded to the United States under section 6673. Some of the facts have been stipulated and are found accordingly. At the time of filing his petition herein, petitioner resided at Hammond, Indiana. During the taxable year 1980 petitioner was employed by Youngstown Sheet and Tube Co. Petitioner was *397 paid wages by his employer during the year 1980 in the amount of $25,973.88. Petitioner received a form W-2 from his employer for 1980 reflecting the wages received. Petitioner also received supplemental benefit pay from Youngstown Sheet and Tube Co. during 1980 in the amount of $388.50.Petitioner received a form W-2 reflecting this supplemental benefit pay. Petitioner also received unemployment compensation from the Indiana Employment Security Division during the taxable year 1980 in the amount of $3,104. During the taxable year 1981, Jones and Laughlin Steel, Inc. paid petitioner wages in the amount of $34,694.74. Petitioner received a form W-2 from his employer reflecting this amount of wages. On January 29, 1980, petitioner signed and submitted to his employer a form W-4 (Employees Withholding Allowance Certificate). On the certificate petitioner claimed 34 allowances. Petitioner also signed and submitted to his employer forms W-4 on March 25, 1980, May 1, 1980, December 22, 1980, March 27, 1981, and December 29, 1981, all of which claimed exemption from withholding. Petitioner is a high school graduate. After high school petitioner received apprentice training as an *398 electrician and has been employed as an electrician for a number of years. Petitioner filed Federal income tax returns during the years 1969 through 1979. For the taxable year 1979, petitioner and his wife also filed an amended return (Form 843). On that form petitioner sought to exclude his wages received from Youngstown Sheet and Tube Co. As part of the explanation on the amended return petitioner indicated that "[t]he 'compensation' received 'for labor' in 1979 was an equal exchange, value for value." Petitioner did not file Federal income tax returns for the taxable years 1980 and 1981. OPINION (1). Deficiency.
Petitioner continues to argue that the wages and other money he received in the taxable years in issue do not represent taxable income. Petitioner's position has no merit. , appeal dismissed (2d Cir. 1984). There is no doubt that petitioner bears the burden of proof to establish that respondent's determination is erroneous with respect to the deficiency. . Petitioner has not presented any argument or facts from which we could make a finding *399 in his favor on this issue. We find for respondent on this issue. (2) Addition to Tax Under Section 6653(b) for Fraud.
Section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Section 7454(a); Rule 142(b); . This burden may be met by showing that petitioner intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent collection. . Fraud will never be presumed. . The existence of fraud is a factual question to be determined by an examination of the entire record. , affd. without unpublished opinion, . In this case respondent has shown that petitioner, commencing *400 in January of 1980, knowingly submitted false information to his employer when he stated on his forms W-4 that he incurred no tax liability for 1980 and 1981. Prior to the years in issue, petitioner filed the proper Federal income tax returns and must have known, or reasonably should have known, that he, like all other citizens, was required to pay Federal income tax on the wages he earned. The filing of false W-4's eliminating withholding combined with the failure to file returns for the years in issue establishes an intent to evade the payment of income taxes. ; ; , affd. ; . We conclude that fraud has been shown by clear and convincing evidence for each of the years in issue. [4]
(3) Award of Damages Under *401 Section 6673.
Respondent filed a motion for the award of damages under section 6673. This section provides as follows: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax. The claim made by petitioner in his petition represents stale, old arguments which we have considered on many previous occasions. There is no question but that petitioner's position is frivolous and groundless. ;; ; . By letters dated October 16, 1984 and December 11, 1984 respondent advised petitioner of respondent's belief that petitioner's *402 claim was frivolous. Respondent advised petitioner of section 6673 and also forwarded to petitioner a copy of our opinion in . Petitioner continued to pursue "protester type" arguments through the trial of this case. When costs incurred by this Court and respondent are taken into consideration, it is clear that the damages authorized by the statute should be applied. Considering the waste of limited judicial and administrative resources caused by the action of petitioner herein, we have no hesitancy in exercising our discretion to award damages in favor of the United States. , affg. an unpublished opinion of this Court. Accordingly, we award damages to the United States in the amount of $5,000. An Appropriate Order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent in the alternative seeks additions to tax under sections 6651(a)(1) and 6653(a).↩
4. Based on this finding we need not consider respondent's alternative position with respect to the additions to tax under sections 6651(a)(1) and 6653(a).↩